**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re | Case No. 20-80560-BPC |
| | Chapter 13 |
| JON RAIFORD , | |
| Debtor. | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DISCHARGE

On September 10, 2024, Debtor filed a Motion for Discharge ("Motion") pursuant to 11 U.S.C. § 1328(a). (Doc. 58). Under § 1328(h), the Court:

> may not grant a discharge under this chapter unless . . .[the Court] finds there is no reasonable cause to believe that . . . "(1) section 522(q)(1) may be applicable to the debtor; and (2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

11 U.S.C. § 1328(h).

In the Motion, Debtor set forth that there is "a pending criminal case against him in which he may be convicted of a felony offense punishable by a maximum term of imprisonment of more than one year." *Id.* Trustee objected to the Motion and argued that discharge should be denied because one of the charges against Debtor is for a "criminal act intentional tort, or willful or reckless misconduct that cause serious physical injury or death to another individual in the preceding 5 years." (Doc. 63) (citing § 522(q)(1)(B)(iv)). A hearing was held on September 24, 2024, after which the Court provided additional time for the parties to provide more information regarding the indictments and to file briefs.

According to the record, Debtor has two pending charges: the felony of discharging a firearm into a vehicle (ALA. CODE § 13A-11-61) and the misdemeanor crime of domestic violence in the third degree (ALA. CODE § 13A-6-132). (Doc. 66). At a final hearing on November 19, 2024, the Court inquired as to whether any other charges

1

existed and requested Counsel for Debtor to supplement the record within 7 days if necessary. As of today, Counsel for Debtor has not filed any updates or anything to suggest there may be additional charges against Debtor.

Under § 1328(h), the Court must first determine if "§ 522(q)(1) may be applicable to the debtor." 11 U.S.C. § 1328(h). "In sum, subsection (q) limits the amount a debtor may exempt for his or her homestead if the debtor has been convicted of a felony demonstrating that the filing for bankruptcy was an abuse of the provisions of Title 11." *Prince v. Am. Bank of Texas*, No. 4:11-CV-657, 2012 WL 3916481, at *4 (E.D. Tex. Sept. 7, 2012). Here, Debtor's Schedules show Debtor's claimed exemptions do not exceed the statutory threshold. (*See* Doc. 18). Thus, § 522(q)(1) is not applicable to Debtor.

Next, § 1328(h)(2) requires the Court to find there is no reasonable cause to believe that "there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B)." 11 U.S.C. §1328(h)(2). First, relevant to § 522(q)(1)(A), the Court notes that only one of Debtor's two charges is for a felony. Therefore, § 522(q)(1) is not applicable to the charge for misdemeanor crime of domestic violence in the third degree. Regarding Debtor's felony charge of discharging a firearm into a vehicle, the Court notes that Debtor filed his bankruptcy petition on April 29, 2020, and the indictments provide that the alleged acts occurred over four years later, on August 20, 2024. (Doc. 66). With that, this Court finds no reasonable cause to believe that Debtor's alleged post-petition acts demonstrate "that the *filing of the case* was an abuse of the provisions of [Title 11 of the Bankruptcy Code]." 11 U.S.C. § 522(q)(1)(A) (emphasis added).

Turning to the latter portion of § 1328(h)(2) which references § 522(q)(1)(B), the Court must determine whether there is no reasonable cause to believe that Debtor "may be . . . liable for a debt of the kind described in section 522(q)(1)(B)." 11 U.S.C. § 1328. Section 522(q)(1)(B) includes debts arising from a "criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another

2

individual in the preceding 5 years." 11 U.S.C. § 522(q)(1)(B). "It is merely necessary that the Court has *reasonable cause to believe* that: (1) a criminal act resulting in 'serious physical injury' occurred; and (2) there is presently pending a proceeding in which the debtor may be found liable for a debt due to his criminal act." *In re Sinclair*, 556 B.R. 801, 808–09 (Bankr. S.D. Tex. 2016) (emphasis in original).

It is undisputed that there is a pending proceeding against Debtor where he faces two criminal charges. What is less clear is whether Debtor's alleged actions caused physical injury for which he may be liable for a debt as a result of those alleged actions. To discern whether a conduct rises to "serious physical injury" courts first look to the indictment. *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004). Debtor's misdemeanor indictment states the following:

> Domestic violence 3rd: on or about august 20, 2024 at 1330 hours, [Debtor] committed the crime of domestic violence 3rd - reckless endangerment with the victim, [C.B.R], being the [Debtor's] spouse, in violation of Section 13a-6-132 of the Code of Alabama 1975.

(Doc. 68). The relevant Alabama statute for domestic violence in the third degree provides:

> (a)(1) A person commits domestic violence in the third degree if the person commits the crime of assault in the third degree pursuant to Section 13A-6-22; the crime of menacing pursuant to Section 13A-6-23; *the crime of reckless endangerment pursuant to Section 13A-6-24*; the crime of criminal coercion pursuant to Section 13A-6-25; the crime of harassment pursuant to subsection (a) of Section 13A-11-8; the crime of criminal surveillance pursuant to Section 13A-11-32; the crime of harassing communications pursuant to subsection (b) of Section 13A-11-8; the crime of criminal trespass in the third degree pursuant to Section 13A-7-4; the crime of criminal mischief in the second or third degree pursuant to Sections 13A-7-22 and 13A-7-23; or the crime of arson in the third degree pursuant to Section 13A-7-43; and the victim is a current or former spouse, parent, step-parent, child, step-child, grandparent, step-grandparent, grandchild, step-grandchild, any person with whom the defendant has a child in common, a present household member, or a person who has or had a dating relationship with the defendant.

ALA. CODE § 13A-6-132 (emphasis added). Important here, the indictment specifies that the act was one of "reckless endangerment." (Doc. 68). Section 13A-6-132 for domestic violence references reckless endangerment under § 13A-6-24 which provides: "(a) A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial *risk* of serious physical injury to another person." ALA. CODE, § 13A-6-24 (emphasis added). The commentary for this section specifically states:

> Reckless endangerment is a new crime and is applicable to reckless conduct which creates a substantial risk of, but *does not result in*, serious physical injury. It forms a phase of the pattern of revised assault offenses covered in this article and is in addition to, and not a substitute for, the crimes of assault and/or attempted assault.

ALA. CODE, § 13A-6-24 (commentary) (emphasis added).

Next, Debtor's felony indictment for § 13A-11-061(B) includes the following alleged facts:

> discharge gun occ bldg/vehicle: [Debtor] did on or about August 20, 2024 at 1330 hours, unlawfully discharge, or shoot a firearm, explosive, or other weapon which discharges a dangerous projectile, into an occupied dwelling, building, railroad locomotive, railroad car, aircraft, automobile, truck or watercraft, while the said automobile, was occupied by [C.B.R.].

(Doc. 68).

Neither indictment includes allegations or statements that C.B.R. was harmed or suffered "serious physical injury or death." *See* 11 U.S.C. § 522(q)(1)(B). Instead, the domestic violence in the third-degree charge specifically mentions only reckless endangerment, and the statutory commentary for that action expressly states that relevant conduct creates a risk of, but "does not result in, serious physical injury." ALA. CODE § 13A-6-24 (commentary). Similarly, neither the indictment or the statutory language for the felony indictment regarding firing a weapon into an occupied vehicle mention or require any injury. The Court reasons that had C.B.R. suffered injury or death Debtor would be faced with greater charges related to assault, homicide, etc. Considering the language of the indictments, the express language of the statutes, and the absence of more

4

specific allegations or heightened charges, the Court finds there is no reasonable cause to believe that: "(1) section 522(q)(1) may be applicable to the debtor; and (2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B)." 11 U.S.C. § 1328(h). Accordingly, it is hereby

ORDERED that Debtor's Motion for Discharge is GRANTED. A Discharge Order will enter separately.

Done this 5th day of December, 2024.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtors
Mary Conner Pool, Attorney for Debtors
Sabrina L. McKinney, Trustee

5